IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEARCHES AND SEIZURES, | NO. 08-SW-0361 DAD |
| | NO. 08-SW-0362 DAD |
| | NO. 08-SW-0363 DAD |
| | NO. 08-SW-0364 DAD |

_____/          <u>ORDER</u>

On November 12, 2008, these matters came before the undersigned for hearing on motions to unseal search warrant affidavits and for return of property and seized funds.  The motions were brought by counsel on behalf of Loomis Wealth Solutions, LLC (hereinafter LWS) and Lawrence L. Loomis.  At the hearing attorney Malcolm Segal appeared on behalf of movant Loomis Wealth Solutions; attorney Patrick Hanly appeared on behalf of movant Lawrence L. Loomis; and Assistant United States Attorneys Russell Carlberg, Courtney Linn and Matthew Stegman appeared on behalf of the government.

At the conclusion of the hearing, the court directed the government to file a declaration in support of the continued sealing of the search warrant affidavits for <u>in</u> <u>camera</u> review.  On November

1

1   19, 2008, the government filed that declaration under seal.  The court

2   has completed its <u>in camera</u> review and is prepared to rule.

3   **BACKGROUND**

4           On August 25, 2008, the undersigned issued search warrants,

5   upon the affidavit of IRS-CID Special Agent Christopher Fitzpatrick,

6   authorizing the search of LWS Offices and the home of movant Lee

7   Loomis for items, property and documents described in seventeen

8   categories and sub-categories.  Those searches were executed on August

9   26, 2008.  Later that day the court issued another search warrant,

10  based upon the affidavit of F.B.I. Special Agent Kathleen Nicolls,

11  authorizing the search of Mr. Loomis, his laptop computer, computer

12  storage media, cellular telephone and personal digital assistant for

13  the same seventeen categories of items, property and documents.

14          On August 27, 2008, the government sought and obtained from

15  the court a civil seizure warrant authorizing the seizure of

16  approximately $328,395.75 from an LWS account at Washington Mutual

17  Bank.  Sealing orders were issued when the warrants were issued.  On

18  September 11, 2008, the returns on the search warrants were filed and

19  on September 24, 2008, an order was issued unsealing the warrants and

20  attachments thereto but keeping the applications and affidavits in

21  support thereof under seal absent further order of the court.

22  **ARGUMENTS OF THE PARTIES**

23          Movants take the position that LWS operates a perfectly

24  legal and legitimate real estate purchase program and that the

25  government's seizure of its records and funds has effectively put it

26  out of business, thus harming its employees and those investors the

1 government has, according to movants, erroneously identified as

2 "victims."  Just as importantly, movants argue that the seizure of

3 funds has effectively precluded Loomis and LWS from adequately

4 defending themselves.

5        Movants contend that the continued sealing of the search

6 warrant affidavits is unjustified in this case and permits the

7 government and its investigators to effectively put them out of

8 business and cause significant losses to legitimate investors in LWS

9 without permitting movants the ability to challenge those government

10 actions.  Accordingly, movants argue, the court should first order the

11 search warrant affidavits unsealed.  Without such an order, they

12 contend that they will be unable to attack the warrants and move for

13 the return of their property which was seized unlawfully.[1]  Moreover,

14 they argue that any general government claim of fear of destruction of

15 evidence or intimidation of witnesses is unfounded in this "garden

16 variety," "non-violent, white collar" investigation because Mr. Loomis

17 is a legitimate businessman who has made himself available to the

18 government and cooperated with its investigation.

19        The government opposes the motion, and in particular the

20 unsealing of the search warrant affidavits, arguing that in <u>Times</u>

21 <u>Mirror Co. v. United States</u>, 873 F.2d 1210, 1217 (9th Cir. 1989) the

22 court held that "sealed warrant affidavits should not be ordered

23 unsealed before an indictment is returned."  (Gov't Opp'n at 2-3.) The

24

---

25        [1] Movants also argue that the seized funds should be returned
immediately to allow them to fund their "defense" and that the
26 government should return the computer equipment seized pursuant to the
warrant.

1  government contends that the search warrants in this case are part of

2  a complex and extensive federal investigation of probable mail fraud,

3  bank fraud, wire fraud and money laundering involving criminal

4  activity in at least five states and that the unsealing of the

5  affidavits would prematurely reveal the theory of the government's

6  case, the direction of the investigation, the identity of confidential

7  witnesses and grand jury materials, thereby jeopardizing the

8  government's ongoing investigation. (Id. at 3-4.)[2]  The government

9  contends that even in those cases where courts have ordered search

10 warrant affidavits unsealed to allow challenges thereto, much more

11 time had passed without an indictment than is the case here, where

12 this complex investigation is at a relatively early stage.  Finally,

13

14      [2]  Strangely, the government also states that "[i]n any event, a
   final ruling sealing or unsealing the affidavits would remain stayed
15 pending appeal, first to the district court judge, then to the Ninth
   Circuit."  (Gov't Opp'n at 5, n.11) (citing Times Mirror, 873 F.2d at
16 121 and In re Copley Press, Inc., 518 F.3d 1022, 1028 (9th Cir. 2008).
   Counsel for the government appeared to reiterate the point at the
17 conclusion of the hearing, indicating that in the event the court were
   to order the search warrant affidavits unsealed, they would request a
18 stay to appeal that order.  The court certainly would not preclude the
   government, or any other party, from ever exercising the right to
19 appeal from an adverse ruling.  On the other hand, it would be
   inappropriate to suggest that the government would in effect prevail
20 on this issue regardless of the court's ruling by appealing any order
   to unseal the search warrants to the Ninth Circuit, and perhaps
21 beyond, thereby assuring that movants could never obtain access to
   them during the course of the government's investigation.  That is
22 especially the case here, where it was the undersigned's order in
   response to the government's ex parte application that resulted in the
23 supporting affidavits being filed under seal in the first place. See
   In re Search Warrants Issued on April 26, 2004, 353 F. Supp.2d 584,
24 589 (D. Md. 2004) ("Within the past decade ... sealing search warrant
   affidavits and materials has become a routine matter, and the
25 government's required showing of harm has become dramatically less
   demanding.")(citing David Horan, Breaking the Seal on White Collar
26 Criminal Search Warrant Materials, 28 Pepp. L. Rev. 317, 324-25
   (2001)).

1 the government argued that in an ex parte declaration filed with the

2 court under seal, it could explain why these search warrant affidavits

3 should remain under seal.

4          As for the seizure of funds, the government contends that

5 movants already have an adequate remedy at law because the government

6 has initiated civil nonjudicial forfeiture proceedings against those

7 funds and the movants are free to file a claim thereto and to petition

8 for remission.  Moreover, the government argues that there is no legal

9 basis for movants' attempt to obtain the return of the seized funds

10 for their defense.  Finally, the government has assured the court that

11 it is already in the process of returning to the movants all 51

12 computers and their contents seized pursuant to the warrants.  In this

13 regard, the government reported to the court at the hearing on the

14 motions that the process of imaging those computers was almost

15 completed and it was anticipated that all computers seized would be

16 returned within the 90-day period provided by the warrants.

**ANALYSIS**

18          With respect to the seizure of funds, the court finds the

19 government's arguments well-taken.  The provisions relied upon by

20 movants do not entitle them to return of those funds for use in their

21 defense.  Moreover, the movants do have an adequate remedy at law in

22 the nonjudicial forfeiture proceedings initiated by the government.

23 Likewise, any argument that computer equipment and the contents

24 thereof should be returned immediately to allow movants to continue to

25 conduct business has been rendered moot by the governments' compliance

26 with the terms of the warrants themselves requiring such return within

1   90 days of seizure absent further order of the court.  The more

2   difficult question is whether movants are entitled to the unsealing of

3   the search warrant affidavits at this time so they may seek relief by

4   way of a motion for return of property brought pursuant to Federal

5   Rule of Criminal Procedure 41(g) upon a showing of the illegality of

6   the searches.

7           As noted above, the government argues that in <u>Times Mirror</u>

8   <u>Co.</u> the Ninth Circuit held that sealed warrant affidavits should not

9   be ordered unsealed before an indictment is returned.  The court

10  disagrees.  In <u>Times Mirror Co.</u> the court was faced with attempts by

11  various media organizations to unseal search warrants and supporting

12  affidavits that had previously been ordered sealed by the district

13  court.  The issues presented in that case were whether the media has a

14  qualified right of access to search warrants and supporting affidavits

15  during the pre-indictment stage of a criminal investigation under the

16  First Amendment, Federal Rule of Criminal Procedure 41 or pursuant to

17  common law.  873 F.2d at 1212.  The Ninth Circuit merely held that the

18  media had no such right of access and affirmed the district courts'

19  orders maintaining the warrant materials under indefinite seal.  <u>Id.</u>

20  at 1212-21.[3]  The court did not address the entirely different

21

22          [3] Other courts have concluded that there exists "a qualified
    first amendment right of access to documents filed in support of
23  search warrant applications."  <u>Certain Interested Individuals v.</u>
    <u>Pulitzer Publishing Co.</u>, 895 F.2d 460, 462 (8th Cir. 1990).  <u>See</u> <u>also</u>
24  <u>In re Search Warrant for Secretarial Area Outside Office of Gunn</u>, 855
    F. 2d 569, 573-74, 576 (8th Cir. 1988).  Some have rejected any first
25  amendment right to such search warrant documents but found a common
    law right to such access.  <u>See</u> <u>Baltimore Sun Co. v. Goetz</u>, 886 F.2d
26  60, 64-65 (4th Cir. 1989); <u>see</u> <u>also</u> <u>Application of Newsday</u>, 895 F.2d
    74, 79 (2d Cir.) (common law right to access recognized after the
    warrant had been executed and a plea-agreement reached).

1  question of a property owner's "abiding interest in challenging the

2  reasonableness of the government's invasion of his property and/or

3  privacy" which is left unanswered by inquiries into the general

4  public's right of access to search warrants materials.  See In re

5  Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d 584, 590 (D.

6  Md. 2004).  See also In re Search of Up North Plastics, Inc., 940 F.

7  Supp. 229, 232 (D. Minn. 1996) ("None of these (First Amendment or

8  common law access rights) cases answer the precise question at issue

9  here, which is, not whether the public or press has a right of access,

10 but whether the person whose property is seized has a right of access

11 under the Fourth Amendment to the affidavit in support of the search

12 warrant."); In re Search Warrants Issued August 29, 1994, 889 F. Supp.

13 296, 299 (S.D. Ohio 1995) (finding that Times Mirror and similar

14 "cases dealing with the alleged right of the media or the public to

15 access sealed warrant documents do not control the outcome" in cases

16 involving "the right [under the Fourth Amendment] of the person whose

17 home has been searched to see the documents which were used to obtain

18 the search warrant").

19         In addressing the question left unanswered by the decision

20 in Times Mirror, several courts have recognized that those individuals

21 whose property is the subject of a search pursuant to warrant have a

22 pre-indictment right of access to search warrant materials, including

23 the supporting affidavit, grounded in the Fourth Amendment.  In re

24 Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d at 591

25 (affirming the magistrate's order and recognizing "a search subject's

26 pre-indictment Fourth Amendment right to inspect the probable cause

1  affidavit."); In re Search Warrant for 2934 Anderson Morris Road, 48

2  F. Supp. 2d 1082, 1083 (N.D. Ohio 1999)("Generally, a person whose

3  property has been seized pursuant to a search warrant has a right

4  under the Warrant Clause of the Fourth Amendment to inspect and copy

5  the affidavit upon which the warrant was issued."); Up North Plastics,

6  Inc., 940 F. Supp. at 232 (denying government's pre-indictment motion

7  to keep in place a previously entered order sealing the affidavit in

8  support of a search warrant); In re Search Warrants Issued August 29,

9  1994, 889 F. Supp. at 299 (granting a home and business owner's pre-

10 indictment motion to unseal search warrant materials, stating "the

11 Fourth Amendment right to be free of unreasonable searches and

12 seizures includes the right to examine the affidavit that supports a

13 warrant after the search has been conducted and a return has been

14 filed"); see also United States v. Oliver, 208 F.3d 211, 2000 WL

15 263954, *2 (4th Cir. 2000) (unpublished) (recognizing a Fourth

16 Amendment right to examine the search warrant affidavit); In the

17 Matter of Searches of Semtex Industrial Corporation, 876 F. Supp. 426,

18 429 (E.D.N.Y. 1995) (observing in response to a motion to unseal a

19 warrant affidavit brought by a business that had been subject to

20 search that such materials may not be sealed indefinitely pending the

21 government's decision to seek an indictment); Matter of Wag-Aero,

22 Inc., 796 F. Supp. 394, 395 (E.D. Wisc. 1992) (vacating sealing order

23 upon finding that the search target's due process rights would be

24 violated by continued sealing of the supporting affidavit).[4]

25

26      [4] Other courts, though far fewer, have found that neither the
Fourth Amendment nor Rule 41 of the Federal Rules of Criminal
Procedure grants to those subject to a search warrant a fundamental

1    For the most part, these courts have also recognized in one

2 fashion or another that this right of pre-indictment access to search

3 warrant affidavits is not absolute but may be denied where a

4 compelling governmental interest is demonstrated requiring that the

5 materials be kept under seal.  In this regard, it has generally been

6 recognized that in order to prevent the search subject from inspecting

7 the contents of the supporting affidavit, the government must

8 demonstrate to the court that a compelling government interest

9 requires the materials to be kept under seal and that there is no less

10 restrictive means, such as redaction, capable of serving that

11 interest.  In re Search Warrants Issued on April 26, 2004, 353 F.

12 Supp. 2d at 591 (citing United States v. Oliver, 208 F.3d 211, 2000 WL

13 263954, *2 and In re Search Warrants Issued August 29, 1994, 889 F.

14 Supp. at 299).  The court will apply this standard in assessing the

15 showing made in support of the government's request that the search

16 warrant affidavits in question remain under seal.

17    The court has carefully reviewed the declaration filed under

18 seal by the government in support of continued sealing.  To a limited

19 extent the government's showing consists of general assertions that

20 unsealing of the supporting affidavits would prematurely reveal its'

21 theory of the case and the direction of the investigation, thereby

22 likely obstructing that investigation in its early stages.  The

23 expression of such general and conclusory concerns, potentially

24 _____

25 right of access to sealed search warrant affidavits prior to
indictment.  See Matter of EyeCare Physicians of America, 100 F.3d 514
(7th Cir. 1996); Al-Dahir v. Northrop Grumman Information Technology,
26 Civil Action No. 08-563, 2008 WL 4470514, *4-6 (E.D. La. Sept. 26,
2008).

1  present in any investigation, are insufficient to meet the

2  government's burden of demonstrating a compelling government interest

3  in continued sealing.  See In re Search Warrants Issued on April 26,

4  2004, 353 F. Supp. 2d at 591-92; Up North Plastics, Inc., 940 F. Supp.

5  at 233-34; Wag-Aero, Inc., 796 F. Supp. at 395.  The court will

6  therefore not rely on such general concerns raised by the government.

7  However, in other specific respects the supplemental

8  affidavit filed by the government under seal on November 18, 2008,

9  sets forth a specific factual basis for finding that the government

10  has, at this time, demonstrated a compelling interest in maintaining

11  the supporting affidavits under seal and that mere redaction would not

12  adequately serve that compelling interest.  Thus, "[w]hile it would

13  compromise the government's need for confidentiality to publically

14  reveal such reasons, the court is persuaded that the government is

15  entitled to an additional period of secrecy."  In the Matter of the

16  Search of a Residence, 121 F.R.D. 78, 80 (E.D. Wisc. 1988).

17  Nonetheless, it is of course the case that the status of

18  investigations change over time as the government corroborates

19  information, gathers new evidence, or finds pieces of information

20  initially gathered to not be credible.  Instructive in this regard is

21  the decision of the Ninth Circuit in The Offices of Lakeside Non-

22  Ferrous Metal, Inc. v. United States, 679 F.2d 778 (9th Cir.

23  1982)(Kennedy C.J.)  In that case the Internal Revenue Service seized

24  books and records from appellant's business offices pursuant to

25  warrant and held those materials for over eleven months while

26  furnishing copies of the seized materials to appellant.  679 F.2d at

10

779.   Appellant moved the district court for an order unsealing the

search warrant affidavit or, in the alternative, for the return of the

seized property.  Id.  The district court denied the motion.  Id.

Based upon the district court's inherent power to seal affidavits

filed with the court, the Ninth Circuit affirmed the denial of the

motion.  Id.  In doing so, however, the court observed:

> [T]he Government has the obligation to conduct its
> investigation with diligence, for under any other
> interpretation the Government, having all of its
> evidence under seal, might be inclined to delay
> proceedings, rather than to expedite them.
>
>       We affirm the trial court's rulings on the
> motion, but note that it should exercise its
> continuing jurisdiction to ensure that the
> Government's investigation proceeds with diligence
> and to protect the rights of the appellant, which
> become more critical with the passage of time.  In
> this case we cannot say appellant has demonstrated
> much hardship to it by reason of the seizure,
> inasmuch as copies of all materials have been
> furnished to it.  This is a factor in the trial
> court's required balancing of the Government's
> interest in secrecy against a temporary loss to
> the movant of his property.  Shea v. Gabriel, 520
> F.2d 879, 882 (1st Cir. 1975).  The case is
> remanded to the trial court forthwith so that it
> may continue to exercise its jurisdiction under
> the standards here set forth.

679 F.2d at 779-80.

       With these principles in mind, the undersigned will deny the

pending motions to unseal search warrant affidavits and for return of

property and seized funds without prejudice.  The government is under

an obligation, of course, to immediately notify the court if its

legitimate concerns regarding unsealing of the affidavits are allayed

by further investigation.  On the other hand, counsel for movants are

free to renew their motions upon the passage of what they believe to

1 be a suitable period of time if the search warrant affidavits which

2 they seek remain under seal.[5]

3                              **CONCLUSION**

4          For the reasons set forth above, IT IS HEREBY ORDERED that

5 movants' combined motions (Doc. Nos. 7 and 9 in 08-SW-0361 DAD; Doc.

6 No. 8 in 08-SW-0362 DAD; Un-docketed Motion in 08-SW-0363 DAD; and

7 Un-docketed Motion in 08-SW-0364 DAD) for return of property, return

8 of seized funds and to unseal search warrant affidavits is denied

9 without prejudice to its renewal if and when deemed appropriate by

10 counsel for movants.

11 DATED: December 19, 2008.

12

13                                              _____
                                                DALE A. DROZD
                                                UNITED STATES MAGISTRATE JUDGE
14 DAD:lg
   InreSearch.oah.121508

15

16 _____

17      [5] As one court observed in denying without prejudice a pre-
   indictment motion to unseal a search warrant affidavit and continuing
   the sealed status of the warrant documents for an additional 60 days:
18
              The court has now reviewed the supplemental
19            affidavit and finds that it contains good cause to
              continue the sealing order. [ ] Notwithstanding,
20            the petitioners should not be kept in the dark any
              longer than is necessary.  After all, it was their
21            residence and business that was searched.  They
              have a right to know what information is contained
22            in the applications in order to determine whether
              or not they wish to pursue a return of the seized
23            property.  Therefore, after balancing the
              competing interests of the parties, this court
24            will extend the sealing order for a limited period
              of time.
25
   In the Matter of the Search of a Residence, 121 F.R.D. 78, 80 (E.D.
26 Wisc. 1988).  See also In the Matter of Searches of Semtex Industrial
   Corporation, 876 F. Supp. 426, 429 (E.D.N.Y. 1995).

                                   12